**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
*******************************************
MICHAEL SHEARILL,                          *
1234 Massachusetts Avenue, N.W.            *
Apt. 708                                   *
Washington, D.C.  20005                    *
                                           *
        Plaintiff,                         *
                                           *
    v.                                     *
                                           *   C.A. No.: 1:16-000-cv-
PETER N.G. SCHWARTZ                        *
MANAGEMENT COMPANY,                        *
1350 Connecticut Avenue, N.W., SUITE 1200, *
Washington, D.C.  20036                    *
                                           *
        Defendant.                         *
*******************************************
```

## COMPLAINT - CIVIL RIGHTS

## (JURY TRIAL DEMANDED)

### I.  JURISDICTION AND VENUE

1. This is an action for declaratory relief, injunctive relief, back pay, compensatory damages and other appropriate relief, legal and equitable, brought by Plaintiff Michael Shearill to redress violations by the Defendant of Plaintiff's civil rights. The jurisdiction of this Court is invoked to secure the protection of and to redress the deprivation of rights secured to Plaintiff by the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended, (Supp. II. 1991) (hereinafter, "Title VII"), which provides for injunctive, equitable and other relief against discrimination in employment on the basis of race, religion, sex, national origin and color, and forbids retaliation against any person who exercises his or her rights under Title VII.  This Complaint also states a cause of action under the Age Discrimination Act of 1967, as amended, 29 U.S.C. § 633.  The

jurisdiction of this Court is also invoked under 28 U.S.C. §§ 1331, this being a suit authorized and instituted pursuant to the Civil Rights Act of 1964.

2. This proceeding is instituted in the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1391, as the judicial district in which the cause of action arose and in which the Defendant is located and doing business.

3. This is a civil action, and the amount in controversy exceeds $100,000, exclusive of costs.

## II.  PARTIES

4. Plaintiff Michael Shearill is a Black male citizen of the United States who was employed by the Defendant Peter N.G. Schwartz Management Company for more than 26 years.

5. Defendant Peter N.G. Schwartz Management Company is a property management company which is located in the District of Columbia, and which is licensed to do business by the District of Columbia government.

## III.  STATEMENT OF FACTS

6. Plaintiff Michael Shearill worked for Defendant Peter N.G. Schwartz Management Company for more than 26 years as the front desk clerk on the 11:30 p.m. to 7:30 a.m. shift in the Defendant's building located at 1234 Massachusetts Avenue, N.W.

7. Throughout his tenure with Defendant, Plaintiff Shearill's performance was always rated excellent on his annual performance reviews.

8. At the time Plaintiff was hired by Defendant Peter N.G. Schwartz Management Company, the 1234 Massachusetts Avenue, N.W., building was a known haven for drugs, prostitution, and petty crime.

9. Plaintiff was a dedicated worker throughout his tenure with Defendant, and Plaintiff was instrumental in helping to rid the 1234 Massachusetts Avenue, N.W., building of crime, drug dealers, and prostitutes.

10. Plaintiff Shearill's efforts were instrumental in helping to almost double the monthly income of the 1234 Massachusetts Avenue, N.W., building.

11. In early September 2014, at around 3:00 a.m., a pizza delivery man entered the 1234 Massachusetts Avenue, N.W., building while Plaintiff Shearill was on duty at the front desk.

12. The pizza delivery person was a Black male.

13. The pizza delivery man deliberately provoked an argument with Mr. Shearill.

14. After provoking the argument with Mr. Shearill, the pizza delivery man left.

15. A few minutes after he left the 1234 Massachusetts Avenue, N.W, building, the pizza delivery man came back into the 1234 Massachusetts Avenue, N.W., building, and loudly threatened Mr. Shearill.

16. At some point in the verbal exchange between he and the pizza delivery man, Mr. Shearill referred to the pizza delivery man as a "nigger".

17. On September 11, 2014, Mr. Shearill was called into the office at 1234 Massachusetts Avenue, N.W., and terminated.

18. The reason given for Mr. Shearill's termination by Defendant was that Mr. Shearill had used the word "nigger" in his conversation with the pizza delivery man.

19. At the time Defendant Peter N.G. Schwartz terminated Mr. Shearill for using the word "nigger", there were several younger Black males in their twenties employed by the Defendant as front desk clerks, who constantly used the word "nigger" in front of tenants and guests.

20. One of the younger Black males employed as a desk clerk at the 1234 Massachusetts Avenue, N.W., building not only used the word "nigger" on a regular basis, but the young man also played rap music at a loud volume while working at the front desk, and the lyrics of the music played frequently used the word "nigger".

21. In approximately 2007, a white tenant at the 1234 Massachusetts Avenue, N.W., building called Mr. Shearill a "nigger", and nothing was done by Defendant Peter N.G. Schwartz Management Company.

22. In February 2015, Mr. Shearill filed a complaint with the U.S. Equal Employment Opportunity Commission alleging employment discrimination in termination with respect to his age and race.

23. On January 12, 2016, Mr. Shearill's then-attorney, received a right-to-sue letter from the EEOC, and all administrative exhaustion requirements to this lawsuit have been satisfied.

## IV. STATEMENT OF CLAIM

### A. FIRST CAUSE OF ACTION—DISCRIMINATION

24. Plaintiff Michael Shearill alleges and re-alleges Paragraphs 4 through 23, with the same force and effect as if set forth separately and at length herein.

25. The effect of Defendant's acts and practices as enumerated herein has been to deprive Plaintiff Shearill of rights secured to him by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.,to be free from discrimination, because Defendants, solely because of Plaintiff's race, have deprived Plaintiff of equal opportunity by terminating Plaintiff's employment.  By said acts, Defendants have violated Title VII of the Civil Rights Act of 1964, as amended.

B. SECOND CAUSE OF ACTION—AGE DISCRIMINATION

26. Plaintiff  Michael Shearill alleges and re-alleges Paragraphs 4 through 23, with the same force and effect as if set forth separately and at length herein.

27. Plaintiff  Michael Shearill alleges that, solely because of Plaintiff's age, Defendant Peter N.G. Schwartz has terminated him in violation of rights secured to Plaintiff by the Age Discrimination Act of 1967, as amended, 29 U.S.C. § 633, et seq.

28. As a direct and proximate result of the conduct of Defendant, Plaintiff has suffered mental anguish, and has lost personal and professional esteem, and Plaintiff has incurred additional financial losses, including legal fees and costs.

29. Plaintiff Shearill has no plain, adequate or complete remedy at law to redress the acts and practices complained of herein, and Plaintiff is now suffering and will continue to suffer irreparable injury as a result of Defendant's acts and conduct as described herein.  Unless Defendant is restrained by Order of this Court, Plaintiff will continue to suffer said irreparable injury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays this Honorable Court to advance this case on the docket, Order a jury trial, cause a hearing in this case to be in every way expedited, and upon such hearing to:

1. Issue a declaratory judgment that Defendant's acts and practices complained of herein violated Plaintiff's rights as secured by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., and the Age Discrimination Act of 1967. 29 U.S.C. § 633, as amended.

2. Order Defendant to reinstate Plaintiff to his employment with Defendant, and to otherwise make Plaintiff whole for the discrimination Plaintiff has suffered as a result of the acts and practices as described herein, and provide appropriate back pay, wages, and benefits in an amount to be shown at trial;

3. Grant Plaintiff an award of compensatory damages for each of Plaintiff's Claims herein to compensate Plaintiff for the humiliation, emotional distress and loss of personal and professional esteem suffered by Plaintiff as a result of Defendant's intentional acts;

4. Grant Plaintiff's attorney's fees, costs and the disbursements necessary for Plaintiff to maintain this action.

5. Retain jurisdiction over this action to assure full compliance with the Orders of this Court and with applicable law, and require the Defendant to file such reports as the Court deems necessary to evaluate such compliance.

6. Grant such other and further relief as the Court deems necessary and proper.

Respectfully submitted,

\_\_\_\_\_/s/_____
Donald S. Johnson, D.C. Bar #372774
P.O. Box 4703
Capitol Heights, MD  20791
(301)808-6770
mylawyerjohnson@yahoo.com

Attorney for Plaintiff