# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MICHAEL SHEARILL,**<br><br>Plaintiff,<br><br>v.<br><br>**PETER N.G. SCHWARTZ MANAGEMENT COMPANY,**<br><br>Defendant. | Case No. 1:16-cv-675 (CRC) |

# OPINION AND ORDER

Plaintiff Michael Shearill was fired from his position as a front-desk clerk with Peter N.G. Schwartz Management Company ("PNGS") after he got into an argument with a pizza courier during a late-night delivery to the company's office building. Shearill responded by suing the company under Title VII of the Civil Rights Act ("Title VII"), and the Age Discrimination in Employment Act ("ADEA"), alleging that he was unlawfully terminated on the basis of both race and age. PNGS has moved for summary judgment. Because Shearill has failed to oppose the summary judgment motion despite several deadline extensions, the Court will treat it as conceded under Local Rule 7(b) and dismiss his complaint. In addition, because Shearill has failed to allege a prima facie case of discrimination under both Title VII and the ADEA, the Court will grant judgment in favor of PNGS and dismiss the suit in its entirety.

## I. Background

The complaint alleges the following facts. Michael Shearill, an African-American male, worked for PNGS as a front desk clerk for 26 years. Compl. ¶ 6. Late one night in September 2014, a pizza delivery man entered the PNGS building while Shearill was on duty at the front desk. Id. ¶ 11. Shearill contends that the delivery man deliberately provoked a verbal altercation

with him. Id. ¶ 13. During the spat, Shearill referred to the man, who is also African American, as a "nigger." Id. ¶ 16. PNGS fired Shearill later that month, citing his use of the racial slur during the altercation. Id. ¶ 18. Shearill asserts that other, younger African-American employees at PNGS "constantly" used the racial slur and were not terminated. Id. ¶ 19. He further claims that in 2007, PNGS took no action after a white tenant in the building directed the same slur toward him. Id. ¶ 21.

Shearill filed suit in this Court in April 2016, alleging that PNGS terminated him on the basis of his race and age. PNGS chose to answer the complaint. Following a period of discovery, the Court adopted a summary judgment briefing schedule that ordered PNGS to move for summary judgment by June 5, 2017 and ordered Shearill to file any opposition by July 5, 2017. See Minute Order, May 22, 2017. PNGS filed its motion for summary judgment on June 1. Shearill, who is represented by counsel, failed to oppose the motion by the Court-ordered deadline. Nine days later, on July 14, the Court issued a minute order directing Mr. Shearill to show cause, by July 21, why summary judgment should not be entered for PNGS. He missed this deadline as well. On July 24, Shearill's counsel filed a belated extension request, indicating that he would respond to the Court's show cause order and file an opposition brief the following day. See Pl.'s Mot. Extension, July 24, 2017.[1] Two days later, counsel requested another extension, to August 3, 2017. After that deadline came and went, the Court issued a further minute order on August 8, 2017 advising Plaintiff that if no opposition was received by August 11, 2017, the Court would treat Defendant's summary judgment motion as conceded pursuant to Local Civil Rule 7(b). As of the issuance of this Opinion and Order, Mr. Shearill still has not

---

[1] Mr. Shearill's counsel attributed the delay to the unexpected deaths of a former client and a friend, both of which occurred after the initial July 5, 2017 deadline for the opposition brief. See Pl.'s Mot. Extension, July 24, 2017, ¶¶ 1–7.

2

responded to the Court's show cause order or opposed PNGS's motion for summary judgment. Nor has he sought leave to amend his complaint.

## II. Discussion

While the Court is sympathetic to counsel's personal hardships, it is also mindful of the need to efficiently manage its docket and of the costs borne by the Defendant in defending this lawsuit. Having given Plaintiff more than ample opportunity to file an opposition, the Court will, reluctantly, treat the motion as conceded. See Local Civ. R. 7(b) ("If [an opposition] memorandum is not filed within the prescribed time, the Court may treat the motion as conceded.").

Ordinarily, the appropriate sanction for violating Local Rule 7(b) would be dismissal of the complaint without prejudice. Cohen v. Bd. of Trs. of Univ. of D.C., 819 F.3d 476, 480 (D.C. Cir. 2016). By enabling the plaintiff to file an amended complaint, this approach hews to the presumption in federal litigation that case-dispositive motions be decided on the merits. Id. at 481–82; see also Fed. R. Civ. P. 56 advisory committee's note to 2010 amendment ("[S]ummary judgment cannot be granted by default even if there is a complete failure to respond to the motion").

Here, however, the record is sufficient for the Court to determine that PNGS is entitled not only to the dismissal of Shearill's complaint under Local Rule 7(b), but also to a judgment on the merits. PNGS chose to answer the complaint and has now moved for summary judgment under Federal Rule of Civil Procedure 56. In doing so, however, it has not relied on any material apart from the complaint's allegations. The Court will therefore treat the motion as one for judgment on the pleadings under Rule 12(c) and decide it without regard to what discovery materials or other evidence Mr. Shearill may have included in his opposition. Proceeding to that

3

analysis, the Court finds that PNGS is entitled to judgment because the complaint, which Shearill has never sought to amend, fails to allege a prima facie case of discrimination under either Title VII or the ADEA.

To establish a prima facie case of race discrimination under Title VII, Plaintiff must show that (1) he is a member of a protected class; (2) he suffered an adverse employment action; and (3) the unfavorable action gives rise to an inference of discrimination. Stella v. Mineta, 284 F.3d 135, 145 (D.C. Cir. 2002). There is no dispute that Mr. Shearill is a member of a protected class and suffered an adverse employment action. As to the third prong, "[a] plaintiff may satisfy [it] by demonstrating that [he] was treated differently from similarly situated employees who are not part of the protected class." Mastro v. Potomac Elec. Power Co., 447 F.3d 843, 850 (D.C. Cir. 2006) (internal quotation marks omitted). Shearill alleges that other African-American PNGS employees used the same racial slur and were not terminated or otherwise disciplined. Compl. ¶ 19. These comparators, however, cannot support an inference of race discrimination because they, too, are African American. Their experiences say nothing about whether PNGS treated employees of *other* races differently than Mr. Shearill in like situations. Shearill also alleges that, a decade ago, a white tenant of the building once used the slur and faced no consequences. Id. ¶ 21. But this comparison is also legally insufficient as there is no allegation that the tenant was an employee of PNGS. And Shearill has not alleged any other facts that could support an inference of discrimination. Accordingly, the Court finds that Shearill has failed to plead a prima facie case of race discrimination.

To establish a prima facie case of age discrimination under the ADEA, Plaintiff must show that (1) he is a member of the statutorily protected age group (40 to 70); (2) he is qualified for the position; (3) he was terminated from the position; and (4) he was replaced by a younger

person who does not fall within the statutorily protected age group. Hayman v. Nat'l Acad. of Sciences, 23 F.3d 535, 537 (D.C. Cir. 1994). Even assuming that Mr. Shearill is over 40 years old (the complaint does not state his age), there is no allegation in the complaint that he was replaced by anyone, let alone someone under the age of 40. There are, moreover, no other factual allegations in the complaint that could support an inference of discrimination on the basis of age. The Court therefore finds that Shearill has failed to plead a prima facie case of discrimination in this regard.

Because Shearill has failed to plead, let alone prove, a violation of either statute, PNGS is entitled to judgment on the pleadings under Rule 12(c).

**III. Conclusion**

For the foregoing reasons, Defendant's [21] Motion for Summary Judgment is hereby GRANTED. Plaintiff's [22] Emergency Motion for Extension of Time and [23] Motion for Extension of Time are DENIED as moot. This case is hereby dismissed with prejudice.

This is a final appealable order.

_____
CHRISTOPHER R. COOPER
United States District Judge

Date: August 16, 2017