# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MICHAEL SHEARILL**, <br><br> Plaintiff, <br><br> v. <br><br> **PETER N.G. SCHWARTZ MANAGEMENT COMPANY**, <br><br> Defendant. | Case No. 16-cv-675 (CRC) |

## OPINION AND ORDER

Plaintiff Michael Shearill moves under Federal Rule of Civil Procedure 60(b)(6) for reconsideration of this Court's August 16, 2017 Order dismissing this race and age discrimination case. In that Order, the Court found that dismissal of Shearill's complaint without prejudice was warranted under Local Rule of Civil Procedure 7(b) because his counsel failed, after numerous warnings and deadline extensions, to file any opposition to Defendant's summary judgment motion. Typically, dismissal of a complaint without prejudice under Rule 7(b) would not bring a case to an end; the plaintiff could refile it and start fresh. Here, however, the Court took the additional step of granting judgment on the pleadings under Federal Rule 12(c) and dismissing the action with prejudice, as it found that Shearill had not alleged facts in his complaint to state a claim for either race or age discrimination.

Six months later, Shearill asks the Court to reconsider both of these rulings. The Court will deny his motion.

As for his failure to oppose Defendant's summary judgment motion, Shearill asserts that his counsel had prepared an opposition, but fell very ill two days before the (extended) filing deadline and did not recover from his illness until the day after the Court had granted judgment.

Pl.'s Mot. Reconsideration at 2.  The Court declines to alter its earlier ruling on this point. Shearill's counsel was given every reasonable opportunity to meet the filing deadlines in this case, health issues notwithstanding.  Chronic missed deadlines are precisely what Local Rule 7(b) is intended to prevent.  And while the D.C. Circuit has questioned the practice of dismissal under that Rule, it has consistently affirmed the practice so as long as the dismissal is without prejudice.  See Cohen v. Bd. of Trs. of Univ. of D.C., 819 F.3d 476, 484 (D.C. Cir. 2016).

That said, the Court went beyond the remedy warranted for a violation of Local Rule 7(b)—dismissal of the complaint without prejudice—and resolved the case on the merits against Shearill.  It did so because it perceived fatal deficiencies in his pleadings.  On that score, the Court erred.  To the extent that Shearill failed to state a claim for race or age discrimination, it is because he did not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see Op. & Order at 4–5.  He did not, by contrast, plead facts that affirmatively precluded relief, nor does his complaint otherwise suggest that he could not possibly allege facts supporting a discrimination claim.  Thus, because Shearill could allege "other facts consistent with the challenged pleading" that might "cure the deficiency" in his claims, dismissal of the complaint without prejudice would have been the proper course.  Firestone v. Firestone, 76 F.3d 1205, 1209 (D.C. Cir. 1996); see also Rudder v. Williams, 666 F.3d 790, 794 (D.C. Cir. 2012) ("Dismissal with prejudice is the exception, not the rule, in federal practice because it 'operates as a rejection of the plaintiff's claims on the merits and [ultimately] precludes further litigation of them.'" (quoting Belizan v. Hershon, 434 F.3d 579, 583 (D.C. Cir. 2006))).  In other words, the Court erred in finding Shearill's claims irredeemably deficient, and thus in dismissing the case with prejudice.

But error alone is not sufficient to warrant reconsideration. The question remains whether the Court's error warrants reconsideration under the stringent standards governing postjudgment relief under Federal Rule 60. Shearill seeks relief only under Rule 60(b)(6)—the "catchall provision" of Rule 60 allowing relief for "any other reason." To protect interests in finality, that provision allows relief only in "extraordinary circumstances." Kramer v. Gates, 841 F.3d 788, 790 (D.C. Cir. 2007). "'Extraordinary circumstances' is a high bar." United States v. Philip Morris USA Inc., 840 F.3d 844, 852 (D.C. Cir. 2016). And the circumstances here—a legal error that could have been remedied by a timely appeal—do not qualify. Accepting as true counsel's reasons for his failure to timely oppose the defendant's motion for judgment on the pleadings, he states that he recovered from his illness only a day after the Court's 2017 Order— 29 days before the deadline for a notice of appeal had run. Pl.'s Mot. Reconsideration ¶ 7. It is well established that "Rule 60(b)(6) may not be used as a substitute for an appeal not taken" unless "the decision not to appeal" was essentially "involuntary." Twelve John Does v. District of Columbia, 841 F.2d 1133, 1141 (D.C. Cir. 1988) (citing example of clerk's failure to notify parties that judgment had been entered as rendering failure to appeal involuntary). And there is no indication in Shearill's motion that his decision not to appeal was anything approaching "involuntary."[1]

---

[1] Shearill's motion could also be understood as one under Rule 60(b)(1), which provides relief for "mistake[s]." Unlike subsection (b)(6), subsection (b)(1) does not require the party seeking reconsideration to show extraordinary circumstances. Nevertheless, subsection (b)(1), like (b)(6), generally does not allow reconsideration of legal mistakes; it is reserved for "the very limited situation when the controlling law of the circuit changed between the time of the court's judgment and the Rule 60 motion." Bestor v. FBI, 539 F. Supp. 2d 324, 328 (D.D.C. 2008). That situation is not present here.

It is therefore

**ORDERED** that Plaintiff's Motion for Reconsideration (ECF No. 26) is DENIED.  It is further

**ORDERED** that Defendant's Motion for Sanctions (ECF No. 27) is DENIED.

**SO ORDERED**.

CHRISTOPHER R. COOPER
United States District Judge

Date: April 17, 2018